UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>PRB MANAGEMENT, LLC, a California Limited Liability Company; Does 1-10,<br><br>        Defendants. | CIV. NO. 2:14-1895 WBS CKD |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for December 22, 2014, and makes the following findings and orders without needing to consult with the parties any further.

1

1               I.   SERVICE OF PROCESS
2               The parties indicate that all defendants have been
3  served.  No further service is permitted without leave of court,
4  good cause having been shown under Federal Rule of Civil
5  Procedure 16(b).
6               II.  JOINDER OF PARTIES/AMENDMENTS
7               No further joinder of parties or amendments to
8  pleadings will be permitted except with leave of court, good
9  cause having been shown under Federal Rule of Civil Procedure
10 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604
11 (9th Cir. 1992).
12              III. JURISDICTION/VENUE
13              Jurisdiction is predicated upon federal question
14 jurisdiction, 28 U.S.C. § 1331, because plaintiff asserts a cause
15 of action pursuant to the Americans with Disabilities Act of
16 1990, 42 U.S.C. § 12101, et seq.  The court has supplemental
17 jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims
18 brought under the Unruh Act, Cal. Civ. Code §§ 51-52, and the
19 California Disabled Persons Act, Cal. Civ. Code §§ 54-54.8.
20 Venue is undisputed and is hereby found to be proper.
21              IV.  DISCOVERY
22              The parties indicate that initial disclosures were
23 exchanged on December 17, 2014.  Any additional initial
24 disclosures required by Federal Rule of Civil Procedure 26(a)(1)
25 shall be exchanged by no later than December 31, 2014.
26              The parties shall disclose experts and produce reports
27 in accordance with Federal Rule of Civil Procedure 26(a)(2) by no
28 later than March 2, 2015.  With regard to expert testimony

intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before April 1, 2015.

Plaintiff's request that the number of interrogatories under Federal Rule of Civil Procedure 33(a)(1) be increased to 45 is denied.  Plaintiff has presented no reason or basis for expanding the default discovery limits.  All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by May 1, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than May 1, 2015.

## V. <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before July 6, 2015.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI. <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for September 14,

1  2015, at 2:00 p.m. in Courtroom No. 5.  The conference shall be
2  attended by at least one of the attorneys who will conduct the
3  trial for each of the parties and by any unrepresented parties.
4         Counsel for all parties are to be fully prepared for
5  trial at the time of the Pretrial Conference, with no matters
6  remaining to be accomplished except production of witnesses for
7  oral testimony.  Counsel shall file separate pretrial statements,
8  and are referred to Local Rules 281 and 282 relating to the
9  contents of and time for filing those statements.  In addition to
10 those subjects listed in Local Rule 281(b), the parties are to
11 provide the court with: (1) a plain, concise statement which
12 identifies every non-discovery motion which has been made to the
13 court, and its resolution; (2) a list of the remaining claims as
14 against each defendant; and (3) the estimated number of trial
15 days.
16        In providing the plain, concise statements of
17 undisputed facts and disputed factual issues contemplated by
18 Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
19 that remain at issue, and any remaining affirmatively pled
20 defenses thereto.  If the case is to be tried to a jury, the
21 parties shall also prepare a succinct statement of the case,
22 which is appropriate for the court to read to the jury.
23        VII.  <u>TRIAL SETTING</u>
24        The bench trial is set for November 17, 2015, at 9:00
25 a.m.  The parties estimate that the trial will take three to five
26 days.
27        VIII. <u>SETTLEMENT CONFERENCE</u>
28        The court has determined that this case is appropriate

for an early settlement conference.  The parties shall contact the assigned magistrate judge's courtroom deputy no later than January 30, 2015, by phone or email to schedule an early settlement conference.  Contact information for the assigned magistrate judge is available at www.caed.uscourts.gov under the "Judges" tab.

At the settlement conference, each party is ordered to have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.  No later than seven days before the date of the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement to the settlement judge.  Such statements shall not be filed, but shall be delivered to the chambers of the settlement judge, in hard copy.

IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated:  December 17, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE